# United States District Court
## District of Utah



**D. Mark Jones**
Clerk of Court

**Louise S. York**
Chief Deputy Clerk

January 3, 2008

United States District Court
Northern District of California
Richard W. Wieking, Clerk of Court
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

**FILED**

JAN - 8 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RE:   USA v. Aaron L. Struth
      2:06cr00197-001 TC - Utah
      3:07cr375-PJH - San Francisco, CA

Dear Mr. Wieking:

The Transfer of Jurisdiction Order was signed on 5/23/07 by Tena Campbell and jurisdiction was accepted on 6/13/07/07 by US District Judge from the Northern District of California.

I have included the following documents: 1) Indictment; 2) Judgment.

Please sign the enclosed copy of this letter as a receipt and return to my attention. If I can be of further assistance, please advise. My telephone number is 801-524-6147.

Sincerely,
D. Mark Jones, Clerk

By: *Cheryl L. Espinoza*
Cheryl L. Espinoza, Deputy Clerk
U.S. District Court

Enclosures
cc:   U.S. Probation Office - Utah w/copy of Trans of Juris Order (Kathy Paraskeva via email)
      U.S. Attorney c/o FLU Unit (via email)
      Financial Administrator, USDC (via email)

**ACKNOWLEDGMENT OF RECEIPT:**

**Received by:** _____      **Date:** _____

STEPHEN J. SORENSON, United States Attorney (#3049)
VEDA M. TRAVIS, Assistant United States Attorney (#6449)
Attorneys for the United States of America
185 S. State St., #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
2006 MAR 30 A 11: 59
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>AARON L. STRUTH, AMMON R. WILKINSON and TARAN NEWSON,<br><br>    Defendants. | I N D I C T M E N T<br><br>VIO. 21 U.S.C. § 841(a)(1)<br>CONSPIRACY TO DISTRIBUTE<br>PSILOCYBIN |

Judge Tena Campbell
DECK TYPE: Criminal
DATE STAMP: 03/30/2006 @ 09:13:37
CASE NUMBER: 2:06CR00197 TC

The Grand Jury charges:

**COUNT I**

Beginning on a date unknown but at least by February 14, 2006, and continuing to March 15, 2006, in the Central Division of the District of Utah and elsewhere,

AARON L. STRUTH, AMMON R. WILKINSON and TARAN NEWSON, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and/or with other persons known and unknown, to commit the following offense against the United States of America:

    a.  To distribute psilocybin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, and to aid and abet therein, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; all in violation of 21 U.S.C. § 846 and punishable under 21 U.S.C. § 841(b)(1)(C).

A TRUE BILL:

/S/<br>_____<br>FOREPERSON OF THE GRAND JURY

STEPHEN J. SORENSON  
Acting United States Attorney

_(signature)_  
VEDA M. TRAVIS  
Assistant United States Attorney

AO 245E (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

Case 2:06-cr-00197-TC   Document 72   Filed 10/24/2006   Page 1 of 7

# UNITED STATES DISTRICT COURT

| Central | District of | Utah |

UNITED STATES OF AMERICA
V.
Aaron L. Struth

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DUTX 2:06CR000197-001

USM Number: 98237111

Fred Metos
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1) | Conspiracy to Distribute Psilocybin | | |

The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/18/2006
Date of Imposition of Judgment

*/s/ Tena Campbell*
Signature of Judge

Tena Campbell | U.S. District Judge
Name of Judge | Title of Judge

10-24-2006
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: Aaron L. Struth
CASE NUMBER: DUTX 2:06CR000197-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**5 Months**

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the BOP that the dft be incarcerated as near to his home as possible, or at a local facility or FCI Herlong, California.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on   12/20/2006   .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   Case 2:06-cr-00197-TC   Document 72   Filed 10/24/2006   Page 3 of 7
(Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  |  |  |
|---|---|---|
| DEFENDANT: Aaron L. Struth | Judgment—Page | 3 of 10 |
| CASE NUMBER: DUTX 2:06CR000197-001 | | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

36 Months

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:07-cr-00375-PJH   Document 9   Filed 01/08/2008   Page 7 of 15

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3C — Supervised Release
Case 2:06-cr-00197-TC   Document 72   Filed 10/24/2006   Page 4 of 7

Judgment—Page **4** of **10**

DEFENDANT: Aaron L. Struth
CASE NUMBER: DUTX 2:06CR000197-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant will submit to drug/alcohol testing as directed by the probation office, and pay a one-time $115 fee to partially defray the costs of collection and testing.

2. The defendant shall participate in drug/alcohol treatment under a copayment plan as directed by the USPO.

3. The defendant shall not use or possess alcohol, nor frequent businesses where alcohol is the chief item of order.

4. The defendant shall not have contact with the codefendants

5. The defendant shall participate in a home confinement program for a period of 5 months, which may include electronic monitoring or other location verification system deemed necessary by the probation office. The defendant is restricted to his residence at all times, except for activities pre-approved by the probation office, and shall pay all costs of the program.

6. The defendant shall maintain full-time, verifiable employment or be actively seeking employment, participate in academic or vocational development throughout the term of supervision as deemed appropriate by the USPO.

Case 3:07-cr-00375-PJH   Document 9   Filed 01/08/2008   Page 8 of 15

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:06-cr-00197-TC   Document 72   Filed 10/24/2006   Page 5 of 7

Judgment — Page 5 of 10

DEFENDANT: Aaron L. Struth
CASE NUMBER: DUTX 2:06CR000197-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ |
| **TOTALS** | | $ 0.00 | $ 0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: Aaron L. Struth
CASE NUMBER: DUTX 2:06CR000197-001

Judgment — Page 6 of 10

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ __100.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Pages \_\_\_ - \_\_\_ are the Statement of Reasons, which will be docketed separately as a sealed document

# Electronic Case Filing System
## District of Utah (Central)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00197-TC-1
### Internal Use Only

Case title: USA v. Struth et al  
Magistrate judge case number: 2:06-mj-00096-BCW

Date Filed: 03/30/2006  
Date Terminated: 10/24/2006

Assigned to: Judge Tena Campbell

**Defendant**

**Aaron L. Struth** (1)  
*TERMINATED: 10/24/2006*

represented by **G. Fred Metos**  
10 W BROADWAY STE 650  
SALT LAKE CITY, UT 84101  
(801)364-6474  
Email: fred@gfredmetos.com  
*ATTORNEY TO BE NOTICED*  
Designation: Retained

**Pending Counts**

21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE 21:841(a)(1); 18:2 Aiding & Abetting  
(1)

**Disposition**

Dft pleaded guilty. SENTENCE: Dft committed to custody of BOP for 5 mos. Upon rls, dft shall be placed on supervised release for 36 mos. FINE: None. SPA: $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

21 U.S.C. 841(a)(1) - Conspiracy to Distribute Psilocybin

**Disposition**

**Plaintiff**

USA                              represented by  **Veda M. Travis**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682
Email: cindy.dobyns@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2006 | 1 | COMPLAINT as to Aaron L. Struth (1), Ammon R. Wilkinson (2).Assigned to Judge Brooke C. Wells (tsh, ) [2:06-mj-00096-BCW] (Entered: 03/22/2006) |
| 03/14/2006 | 2 | *SEALED* Arrest Warrant Issued by Brooke C. Wells in case as to Aaron L. Struth. (tsh, ) [2:06-mj-00096-BCW] (Entered: 03/22/2006) |
| 03/27/2006 | 9 | NOTICE OF ATTORNEY APPEARANCE: G. Fred Metos appearing for Aaron L. Struth (Metos, G.) [2:06-mj-00096-BCW] (Entered: 03/27/2006) |
| 03/30/2006 | 10 | INDICTMENT as to Aaron L. Struth (1) count(s) 1, Ammon R. Wilkinson (2) count(s) 1, Taran Newson (3) count(s) 1. Assigned to Judge Tena Campbell (alt) (Entered: 03/30/2006) |
| 03/30/2006 | 11 | *SEALED* ARREST Warrants Issued in case as to Aaron L. Struth, Ammon R. Wilkinson, Taran Newson (alt) (Entered: 03/30/2006) |
| 03/31/2006 | 12 | Minute Entry for proceedings held before Judge Samuel Alba. Initial Appearance,Arraignment as to Aaron L. Struth (1) Count 1 held on 3/31/2006. Defendant present. Charging document read, rights and penalties explained.Defendant appeared in the District of California originally. Defendant has retained Fred Metos as counsel. Defendant waived formal reading of the Indictment, plea of NOT GUILTY entered. Pretrial Conference as to Aaron L. Struth held on 3/31/2006. Discovery due by 4/5/2006. Motions due by 5/5/2006. Plea Agreement due by 5/15/2006. Proposed Jury Instructions along with proposed voir dire questions 5/26/2006. Three day Jury Trial set for 5/30/2006 08:30 AM before Judge Tena Campbell. Defendant was released on conditions in the Northern District of California. Court added the condition: no drug use and random drug testing. Minute entry will serve as order.Attorney for Plaintiff: Veda M. Travis, AUSA, Attorney for Defendant: Fred Metos, retained. Probation Officer: Amie Williamsen.(Court Reporter Electronic, Tape #27, Log #2017-2517, Room 248.) (ss, ) (Entered: 03/31/2006) |
| 03/31/2006 | 20 | Arrest Warrant Returned Executed on 3/15/06 in case as to Aaron L. Struth. (tsh, ) (Entered: 04/06/2006) |

| | | |
|---|---|---|
| 04/04/2006 | 14 | ARREST Warrant Returned Executed on 3/31/06 in case as to Aaron L. Struth (alt) (Entered: 04/04/2006) |
| 04/05/2006 | 16 | First CERTIFICATE OF COMPLIANCE filed by USA as to Aaron L. Struth, Ammon R. Wilkinson. (Travis, Veda) (Entered: 04/05/2006) |
| 04/05/2006 | 17 | GOVERNMENTS STATEMENT OF DISCOVERY POLICY by USA as to Aaron L. Struth, Ammon R. Wilkinson (Travis, Veda) (Entered: 04/05/2006) |
| 04/10/2006 | 26 | Rule 5/5.1 Documents Received from No Dist of CA - File consists of: 2 minute orders and Order Setting Conditions of Release & Appearance Bond as to Aaron L. Struth (alt) (Entered: 04/11/2006) |
| 04/11/2006 | 23 | Second CERTIFICATE OF COMPLIANCE filed by USA as to Aaron L. Struth, Ammon R. Wilkinson. (Travis, Veda) (Entered: 04/11/2006) |
| 05/12/2006 | 33 | Third CERTIFICATE OF COMPLIANCE filed by USA as to Aaron L. Struth, Ammon R. Wilkinson, Taran Newson. (Travis, Veda) (Entered: 05/12/2006) |
| 05/25/2006 | 36 | MOTION to Continue *Trial* by Aaron L. Struth. (Attachments: # 1 Text of Proposed Order)(Metos, G.) (Entered: 05/25/2006) |
| 05/26/2006 | 37 | ORDER as to Aaron L. Struth, Bond to be accepted as release condition as to Aaron L. Struth (1) in the amount of $30,146.76 (check received from USDC DIST CA). Signed by Judge Brooke C. Wells on 5/26/06 (copy sent to Financial Dept) (alt) (Entered: 05/30/2006) |
| 05/30/2006 | 38 | ORDER TO CONTINUE - Ends of Justice as to Aaron L. Struth, Ammon R. Wilkinson, Taran Newson: Time excluded from 5/31/06 until 8/7/06. Motion terminated as to Aaron L. Struth: 36 MOTION to Continue *Trial* filed by Aaron L. Struth. Jury Trial reset for 8/7/2006 08:30 AM before Judge Tena Campbell. Signed by Judge Tena Campbell on 5/25/06 (alt) (Entered: 05/31/2006) |
| 06/06/2006 | 40 | Fourth CERTIFICATE OF COMPLIANCE filed by USA as to Aaron L. Struth, Ammon R. Wilkinson, Taran Newson. (Travis, Veda) (Entered: 06/06/2006) |
| 08/01/2006 | 45 | **NOTICE OF HEARING** as to Aaron L. Struth (Notice generated by Mary Jane McNamee) Change of Plea Hearing set for 8/7/2006 at 1:30 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 08/01/2006) |
| 08/01/2006 | 46 | ORDER TO CONTINUE - Ends of Justice as to Aaron L. Struth, Ammon R. Wilkinson, Taran Newson: Time excluded from 8/8/06 until 8/16/06. Motion granted as to Ammon R. Wilkinson: [44] MOTION to Continue *Trial*. Jury Trial reset for 8/16/2006 08:30 AM before Judge Tena Campbell. Final Continuance. Signed by Judge Tena Campbell on 7/29/06 (alt) (Entered: 08/02/2006) |
| 08/07/2006 | 47 | Minute Entry for proceedings held before Judge Brooke C. Wells :Change of Plea Hearing as to Aaron L. Struth held on 8/7/2006. Defendant present |

| | | |
|---|---|---|
| | | with counsel. Consent to entry of Plea received and entered onto record. Defendant is placed under oath. Plea of guilty entered and accepted by the court. Statement in Advance of Plea received and entered onto record. Presentence Report ordered: Yes. Sentencing set for 10/18/2006 02:30 PM in Room 230 before Judge Tena Campbell. Attorney for Plaintiff: Veda Travis, AUSA, Attorney for Defendant: Fred Metos, Retained. Interpreter: N/A. Probation Officer: Tony Maxwell.(Court Reporter Mindy Powers, Tape #290, Log #1761-2747, Room 436.) (ksm) (Entered: 08/07/2006) |
| 08/07/2006 | 48 | ORDER OF REFERENCE Under 636 (b)(3) and CONSENT TO ENTRY OF PLEA before Magistrate Judge Brooke C. Wells as to Aaron L. Struth. Signed by Judge Tena Campbell on 8/4/06. (ksm, ) (Entered: 08/07/2006) |
| 08/07/2006 | 49 | STATEMENT IN ADVANCE OF PLEA as to Aaron L. Struth (ksm, ) (Entered: 08/07/2006) |
| 09/14/2006 | 56 | Governments Position with Respect to Sentencing Factors as to Aaron L. Struth (Travis, Veda) (Entered: 09/14/2006) |
| 10/02/2006 | 59 | Defendants Position with Respect to Sentencing Factors as to Aaron L. Struth (Metos, G.) (Entered: 10/02/2006) |
| 10/18/2006 | 71 | Minute Entry for proceedings held before Judge Tena Campbell : Sentencing held on 10/18/2006 for Aaron L. Struth (1). The dft is sentenced to 5 months custody of BOP. Upon release from the BOP confinement, the dft shall be placed on supervised release for 36 months. Standard conditions of release imposed, with special conditions. The dft shall pay a SAF of $100.00, which shall be due and payable immediately. A fine is not imposed. The Court informs the dft of his right to appeal. The dft shall self surrender to the institution designated by 12/20/2006 at 12:00 Noon. The Court recommends to the BOP that the dft be incarcerated as near to his home as possible, or at a local facility or FCI Herlong, California. Mr. Metos will submit a proposed order to release the cash bail the defendant's parents posted. The Court also notes that if the dft is no longer a student, he will be placed in custody immediately. Attorney for Plaintiff: Veda Travis, Attorney for Defendant: Fred Metos. Probation Officer: Tony Maxwell. Court Reporter: Ray Fenlon.(mjm) (Entered: 10/24/2006) |
| 10/20/2006 | 69 | *SEALED* SEALED MOTION by Aaron L. Struth (alt) (Entered: 10/23/2006) |
| 10/23/2006 | 70 | *SEALED* ORDER (SEALED) granting 69 Sealed Motion as to Aaron L. Struth (1). Signed by Judge Tena Campbell on 10/23/06 (alt) (Entered: 10/23/2006) |
| 10/24/2006 | 72 | JUDGMENT as to Aaron L. Struth (1). Count(s) 1, Dft pleaded guilty. SENTENCE: Dft committed to custody of BOP for 5 mos. Upon rls, dft shall be placed on supervised release for 36 mos. FINE: None. SPA: $100.00. Signed by Judge Tena Campbell on 10/24/06 (alt) (Entered: 10/25/2006) |

| 10/24/2006 | 73 | *SEALED* (Court only) STATEMENT OF REASONS re: 72 Judgment as to Aaron L. Struth (alt) (Entered: 10/25/2006) |
|---|---|---|
| 02/15/2007 | ●84 | Judgment Returned Executed as to Aaron L. Struth; dft delivered to FCI Herlong, CA on 12/20/06 (alt) (Entered: 02/16/2007) |
| 01/02/2008 | ●99 | SUPERVISED RELEASE JURISDICTION TRANSFERRED to Northern District of California, San Francisco as to Aaron L. Struth. (ce) (Entered: 01/03/2008) |
| 01/03/2008 | ●100 | NOTICE OF TRANSMITTAL that Supervised Release Jurisdiction has been transferred to Northern District of California, San Francisco per order entered 5/23/07 by Judge Tena Campbell and 6/23/07 by Judge from Northern District of California. Indictment and Judgment sent. (Attachments: # 1 Transfer of Supervised Release Jurisdiction)(ce) (Entered: 01/03/2008) |